# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SCOTT DOZIER,**<br>Plaintiff,<br>vs.<br>**FINANCIAL CREDIT NETWORK, ET AL.,**<br>Defendants**.** | CASE NO. 19-cv-01470-YGR<br><br>**ORDER GRANTING UNOPPOSED MOTION TO QUASH SERVICE OF SUMMONS**<br><br>**RE: DKT. NO. 14** |

Defendant Financial Credit Network Inc. ("FCN") specially appeared and filed its motion pursuant to Federal Rule of Civil Procedure 12(b)(5) to quash servicer of the complaint against it based upon defects in the manner of service of process. (Dkt. No. 14.) FCN seeks dismissal on the grounds that pro se plaintiff Scott Dozier's attempt to serve the summons and complaint on FCN did not comply with Federal Rule of Civil Procedure 4(h). Plaintiff has not filed any opposition to the motion.[1]

The undisputed facts are that, on March 21, 2019, plaintiff filed the complaint herein. On April 11, 2019, he filed a proof of service stating that "a copy of the Verified Complaint and Summons and Notice of Interested Parties was sent to the parties of record via U.S. certified mail." (Dkt. No. 10.) The mailing to FCN was to an address in Visalia, California. (*Id*.) No proof of service in any other manner upon FCN has been filed with the Court. FCN submits evidence that it has never received a copy of the summons and complaint via personal delivery. (Declaration of Susan Morado In Support of Motion to Quash Service of Summons and Complaint, Dkt. No. 14-2, ¶ 3.) FCN never agreed to accept service by certified mail. (*Id.* at ¶ 4.) FCN is a California corporation with its principal place of business in California. (*Id*. at ¶ 2.)

Federal Rule of Civil Procedure 4(h)(1) governs the service of a corporation within a

---

[1] The proof of service on FCN's motion herein states that it was served by electronic mail and U.S. Postal mail on May 3, 2019 at the addresses of record for plaintiff.

judicial district of the United States and provides that service must be made "by *delivering* a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4 (h)(1)(B). Rule 4(e)(1) further allows service of the summons in the manner approved under the state law of the state where the district court is located or service is made—here, California. California law likewise requires service through personal delivery of the summons and complaint. (*See e.g.*, Cal. Code Civ. Proc. § 415.10 ["[a] summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served."], § 415.95 [requiring the summons be personally delivered to the physical location of the business].)[2]

It follows that plaintiff's service on defendant corporation FCN by certified mail only was ineffective. Absent waiver of the defect by FCN, the attempt to serve the summons and complaint must be quashed, and plaintiff must effect service properly.

The Court therefore **GRANTS** the motion and **QUASHES** the service of summons and complaint as stated in the proof of service dated April 21, 2019. Plaintiff must serve the summons and complaint in a manner consistent with Rule 4 of the Federal Rules of Civil Procedure. Plaintiff shall have until **July 1, 2019**, to file a proof of service on FCN in the manner required.

The Court further notes that there is an initial case management conference set for **July 15, 2019, at 2:00 p.m.** before this Court. Should the parties require additional time to prepare for the conference and submit case management statements timely, they shall submit a stipulation requesting a new date no later than July 8, 2019.

The Court advises plaintiff that the District Court has produced a guide for self-represented/*pro se* litigants called *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*, which provides instructions on how to proceed at every stage of a case, including discovery, motions, and trial. It is available electronically online

---

[2] Since the undisputed evidence establishes that FCN is a California corporation, Cal. Civ. P. § 415.40, which permits service on a foreign corporation by first class mail, return receipt requested, does not apply.

2

([http://cand.uscourts.gov/prosehandbook](http://cand.uscourts.gov/prosehandbook)) or in hard copy, free of charge, from the Clerk's Office.

The Court also advises plaintiff that assistance is available through the Legal Help Center. Parties can make an appointment to speak with an attorney who can provide basic legal information and assistance. The Help Center does not see people on a "drop-in" basis, and will not be able to represent parties in their cases. <u>There is no charge for this service</u>. To make an appointment with the Legal Help Center, you may: (1) sign up in person on the appointment book outside the Legal Help Center offices at the San Francisco Courthouse (15th Floor, Room 2796) or Oakland Courthouse (Room 470S); (2) call 415-782-8982; or (3) email [federalprobonoproject@sfbar.org](mailto:federalprobonoproject@sfbar.org). The Help Center's website is available at [https://cand.uscourts.gov/legal-help](https://cand.uscourts.gov/legal-help).

This terminates Docket No. 14.

**IT IS SO ORDERED.**

Dated: May 31, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**